UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES JOSEPH THOMPSON,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:18-CV-04063-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Movant, James Joseph Thompson, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1.[1] The government now moves to dismiss the petition for failure to state a claim, or in the alternative, because this court does not have subject matter jurisdiction over movant's motion for § 2255 relief. Docket 10. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(A) and (B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Thompson's motion be dismissed. Docket 16. Thompson objected timely to the report and recommendation. Docket 20. For the following

---

[1] Within this opinion, the court cites to documents in Thompson's civil habeas case by citing the docket number of the document. The court cites to documents in Thompson's underlying criminal case, *United States v. Thompson*, 4:15-cr-40107 (D.S.D.), by citing to the docket number in the criminal case preceded by "Cr."

reasons, the court adopts Magistrate Judge Duffy's report and recommendation, and dismisses Thompson's motion.

## FACTUAL BACKGROUND

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 16. Thus, this court will only give a simple explanation and points to the magistrate judge's report and recommendation for the full background.

A jury found Thompson guilty of possession with intent to distribute methamphetamine. Cr. Docket 154. The district court sentenced Thompson to 150 months imprisonment. Cr. Docket 167. Thompson was represented by a succession of court-appointed lawyers, one of whom moved to suppress on Thompson's behalf, before the court granted Thompson's request to represent himself at trial and sentencing. Cr. Dockets 78, 147. The court appointed attorney James Eirinberg as stand-by counsel to Thompson for trial and sentencing. Cr. Docket 147. Thompson appealed, and the Eighth Circuit Court of Appeals affirmed his conviction. *See United States v. Thompson*, 881 F.3d 629, 630 (8th Cir. 2018). Eirinberg represented Thompson during his appeal, although Thompson also filed his own pro se brief raising issues in addition to those raised by his counsel. Cr. Docket 169.

On June 5, 2018, Thompson filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. First, Thompson alleged venue was improper, because the charge should have been prosecuted in Minnesota. *Id.* at 1. Second, Thompson alleged the jury may not have been

unanimous because of the venue issue. *Id.* at 2. Thompson argued some jurors may have found him guilty for the 19 grams of methamphetamine found in South Dakota only, while other jurors may have found him guilty for the 115 grams of methamphetamine found in Minnesota only, with an absence of 12 jurors voting to convict for either drug stash. *Id.* Lastly, Thompson alleged the district court improperly considered the 115 grams of methamphetamine found in Minnesota when sentencing Thompson. *Id.*

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

**I. Improper Venue**

Thompson's first claim alleges improper venue under Article III, Section 2, Clause 3 of the United States Constitution, the Sixth Amendment of the United States Constitution, and Rule 18 of the Federal Rules of Criminal Procedure. Docket 1. Thompson claims this court was without jurisdiction to impose his sentence. Docket 20 at 3. Thompson argues he never possessed the

3

115 grams of methamphetamine in South Dakota and, thus, should not have been prosecuted for possession with intent to distribute methamphetamine in the district of South Dakota and elsewhere. Docket 2 at 5. Thompson raised the improper venue argument during his original trial and before the Eighth Circuit on his direct appeal. *See* 8th Cir. Docket 16-4091, Pro Se Brief (April 14, 2017); *Thompson*, 881 F.3d at 630; Docket 16 at 7; Docket 12 at 3. The Eighth Circuit affirmed the district court in all respects. *Thompson*, 881 F.3d at 630.

With few exceptions, "§ 2255 may not be used to relitigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333, 346-47 (1974)); *see also United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Issues may be relitigated in a § 2255 motion if the alleged error constitutes " 'a fundamental defect which inherently results in a complete miscarriage of justice,' " or where the petitioner presents convincing new evidence of actual innocence. *Davis*, 417 U.S. at 346-47 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also Sun Bear*, 644 F.3d at 704; *Wiley*, 245 F.3d at 752 (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1350-51 (8th Cir. 1997) (en banc)).

Thompson alleges his first claim can be relitigated in his § 2255 motion because his sentence constitutes " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Davis*, 417 U.S. at 346-47 (quoting *Hill*, 368 U.S. at 428). Thompson claims that his sentence was imposed in violation of the Constitution or the laws of the United States and

4

that the court was without jurisdiction to impose Thompson's sentence. Docket 20 at 3. Article III, Section 2, Clause 3 of the United States Constitution states, "The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed." The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right to . . . an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Rule 18 of the Federal Rules of Criminal Procedure states, "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18.

Magistrate Judge Duffy found Thompson is not entitled to § 2255 relief on his first claim because he raised the argument on direct appeal and his argument is substantively wrong. Docket 16 at 12. Thompson raised the improper venue argument in his pro se supplemental argument before the Eighth Circuit. Thompson acknowledged he raised the venue issue on appeal. *see* Docket 2 at 4, 7; Docket 20 at 2, 3; *see also* 8th Cir. Docket 16-4091, Pro Se Brief (April 14, 2017) at 34-35; *Thompson*, 881 F.3d at 630. The Eighth Circuit considered the claim on its merits but did not grant any relief. *Thompson*, 881 F.3d at 633. Thus, Thompson cannot relitigate the venue issue unless he can show "a fundamental defect which inherently results in a complete miscarriage of justice," or convincing new evidence of actual innocence. *Davis*, 417 U.S. at 346-47 (quoting *Hill*, 368 U.S. at 428); *see also Sun Bear*, 644 F.3d at 704; *Wiley*, 245 F.3d at 752; *Weeks*, 119 F.3d at 1350-

5

51. Magistrate Judge Duffy found that Thompson did not show either a fundamental defect or actual innocence. Docket 16 at 12.

    First, Thompson never asserts his innocence and the evidence presented at trial would make it difficult for him to claim innocence. Nineteen grams of methamphetamine were found in Thompson's residence in South Dakota and 115 grams of methamphetamine were found in Thompson's storage unit in Minnesota. Cr. Docket 180 at 214-16. In jail, Thompson described to James Ivy the process of mailing methamphetamine to himself from Arizona to various hotels in Minneapolis, Chicago, and Omaha. Cr. Docket 180 at 109-111; *see also* Docket 16 at 12. The contents of Thompson's cell phones and his storage shed showed numerous mailing labels for packages addressed to Thompson at hotels in the described cities and originating from Phoenix, Arizona. Cr. Docket 180 at 95-96, 135, 138-39, 205, 242-44; *see also* Docket 16 at 12. After his sentencing and direct appeal, Thompson admitted to constructively possessing the 115 grams of methamphetamine in Minnesota and possessing the 19 grams of methamphetamine in South Dakota. Docket 20 at 7, 8. Thus, Thompson has not shown actual innocence.

    Next, Thompson has not shown a fundamental defect causing a complete miscarriage of justice because Thompson is misinterpreting and misunderstanding the law. Thompson asserts that when the government decided to charge him with intent to distribute methamphetamine, it could only prosecute him in the district where the possession was proven to have occurred. Docket 2 at 7. Thompson admits that the prosecution in South

6

Dakota for the 19 grams of methamphetamine was appropriate but alleges that the government was required to prosecute him in Minnesota for the 115 grams of methamphetamine found in his Minnesota storage locker. *Id.*

The Eighth Circuit has recognized that possession with intent to distribute is a continuing crime and can be properly tried in any district where the offense began, continued, or was completed. *United States v. Granados*, 117 F.3d 1089, 1091 (8th Cir. 1997); *see also United States v. Swinney*, 970 F.2d 494, 497 (8th Cir. 1992); *United States v. Kiser*, 948 F.2d 418, 425 (8th Cir. 1991); *United States v. Delgado*, 914 F.2d 1062, 1065-66 (8th Cir. 1990). When the government charges possession with intent to distribute, the possession element need not occur in the same district as the distribution element. *Granados*, 117 F.3d at 1091. " '[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done.' " *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999) (quoting *United States v. Lombardo*, 241 U.S. 73, 77 (1916)).

Thompson cites five cases to argue that, because the 19 grams and 115 grams of methamphetamine were found at separate locations, there should have been two separate charges rather than one. Docket 21 at 2 (citing *United States v. Blakeney*, 753 F.2d 152, 154-55 (D.C. Cir. 1985); *United States v. Griffin*, 765 F.2d 677 (7th Cir. 1985); *United States v. Privett*, 443 F.2d 528, 531 (9th Cir. 1971); *United States v. Maldonado*, 849 F.2d 522, 524 (11th Cir. 1988); *United States v. Kendrick*, No. 10-CR-6096, 2014 U.S. Dist. LEXIS 181703 (W.D.N.Y. Nov. 7, 2014)). The five cases hold only persuasive weight

and are not binding on this court. This court must apply the law of the Eighth Circuit that is referenced previously.

Next, Thompson cites *Delgado*, 914 F.2d at 1065, to argue that this court has no venue over the 115 grams of methamphetamine, because the 115 grams were not physically in South Dakota until law enforcement drove it into the state. Docket 2 at 7. In *Delgado*, the Eighth Circuit stated, " 'possession must nonetheless continue in the district in which the Government seeks to prosecute.' " *Delgado*, 914 F.2d at 1065 (quoting *United States v. Medina-Ramos*, 834 F.2d 874 (10th Cir. 1987)).

Thompson's conclusion is substantively wrong. The law recognizes several kinds of possession, including constructive possession. *See United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004). Possession, constructive or actual, of a large quantity of drugs is sufficient to show intent to distribute. *Id.* at 635. The court instructed the jury that Thompson could constructively possess the drugs in the Minnesota storage unit if he had the power and intention at a given time to exercise dominion and control over them. *See* Cr. Docket 157 at 3. The evidence at trial showed Thompson was the sole lessee on the storage unit lease agreement and the storage unit was locked with a padlock fastened to the door by Thompson. Cr. Docket 180 at 138, 141; *see also* Docket 16 at 16. The storage unit was full of items owned by Thompson, such as a trailer licensed to Thompson and boxes with mailing labels addressed to him. Cr. Docket 180 at 134-35, 138-39. Magistrate Judge Duffy concluded that this evidence was enough to show Thompson

constructively possessed the methamphetamine in the storage unit. Docket 16 at 16. Thompson admitted to constructively possessing the 115 grams of methamphetamine in his objections to the report and recommendation. Docket 20 at 7. Evidence showed that Thompson distributed the methamphetamine stored in the Minnesota storage unit in South Dakota. *See* Cr. Dockets 105-08. Testimony established that the 19 grams and 115 grams of methamphetamine found at Thompson's residence and storage unit represented distribution quantities of the drug, not personal consumption amounts. *See* Cr. Docket 180 at 215-16. Thus, Thompson continuously and constructively possessed the 115 grams of methamphetamine with the intent to distribute the methamphetamine in South Dakota and elsewhere.

Also, *Delgado* can be distinguished from the case here. The defendant in *Delgado* was prosecuted in North Dakota, but the evidence showed he was never in North Dakota, the drugs never reached North Dakota, and no action constituting possession occurred in North Dakota. *Delgado*, 914 F.2d at 1065-66. Here, Thompson was in South Dakota, the drugs reached South Dakota, and the distribution occurred in South Dakota. *Delgado* does not support Thompson's argument and he has not shown that a fundamental defect exists that inherently results in a complete miscarriage of justice.

Overall, Thompson already litigated the venue issue and, because he cannot show actual innocence or a fundamental defect, he cannot relitigate the issue in a § 2255 motion. Thus, Thompson's first claim is dismissed without an evidentiary hearing.

## II. Non-Unanimous Jury

Thompson's second claim is that the jury may not have been unanimous because of the venue issue. *See* Docket 1 at 2; Docket 2 at 9. Thompson asserts that some jurors may have found him guilty on the 115 grams of methamphetamine in Minnesota only, with an absence of 12 jurors voting to convict for either drug stash. Docket 1 at 2. Thompson raised the non-unanimous jury issue on direct appeal to the Eighth Circuit. *See* 8th Cir. Docket 16-4091, Pro Se Brief (April 14, 2017); *Thompson*, 881 F.3d at 630; *see also* Docket 16 at 5. The Eighth Circuit considered the issue on its merits but did not grant relief. *Thompson*, 881 F.3d at 630. Instead, the Eighth Circuit affirmed the district court in all respects. *Id.*

When a defendant has raised an issue on appeal, that issue cannot be relitigated in a § 2255 proceeding, unless the petitioner can show actual innocence or " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Davis*, 417 U.S. at 346-47 (quoting *Hill*, 368 U.S. at 428); *see also Sun Bear*, 644 F.3d at 704; *Wiley*, 245 F.3d at 752. Thompson has not claimed actual innocence and, thus, makes his claim based on allegations of a fundamental defect. Thompson asserts that the possession with intent to distribute charge was a duplicitous indictment – one that charges a single crime, but, encompasses two separate crimes. Docket 2 at 9; *see also United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011). Thompson claims that this issue is intertwined with the venue issue, because he believes there are two separate acts of possession of methamphetamine in two different

10

venues. Thompson does not present evidence to show that the jury was not unanimous. Docket 2.

Magistrate Judge Duffy found there is no duplicity issue because the crime of possession with intent to distribute is a continuing offense. Docket 16 at 15; *see also Granados*, 117 F.3d at 1091. The jury did not need to choose between believing Thompson possessed methamphetamine in Minnesota, South Dakota, or both. Both locations of possession were part of the continuing crime of possession with intent to distribute. *See Pietrantonio*, 637 F.3d at 869 (citing *United States v. George*, 625 F.3d 1124, 1131 (9th Cir. 2010)). When a crime is a continuing offense, the actions constituting the crime occur over a period of time and in different locations. Unlike a crime that is a one-time event, the different locations and times of a continuing offense do not pose the same duplicity problem. *George*, 625 F.3d at 1131. Finally, the court instructed the jury that the verdict must be unanimous. Cr. Docket 157 at 10.

Overall, Thompson has already litigated the non-unanimous jury issue and, because he cannot show actual innocence or a fundamental defect, he cannot relitigate the issue on a § 2255 motion. Thus, Thompson's second claim is dismissed without an evidentiary hearing.

### III. Error in Calculating Sentence

Thompson's third claim is that the district court erred in calculating Thompson's sentence based upon the 115 grams of methamphetamine instead of the 19 grams. Docket 2 at 11-12. In other words, Thompson alleges that the district court improperly considered the 115 grams of methamphetamine from

11

Minnesota in arriving at Thompson's sentence. Thompson claims that if this court sentenced him based solely on the possession with the intent to distribute the 19 grams of methamphetamine in South Dakota, he would have received a lighter sentence under 21 U.S.C. § 841(b)(1)(B)(viii). Docket 20 at 12. Because he was charged with possession of over 50 grams of actual methamphetamine, which includes the 115 grams of actual methamphetamine located in Minnesota, Thompson was sentenced under 21 U.S.C. § 841(b)(1)(A)(viii). Docket 1. The penalty provision under § 841(b)(1)(A)(viii) states that a "person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." The penalty provision under § 841(b)(1)(B)(viii) states that a "person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." Thompson alleges that, because of the improper venue, the sentence imposed was in excess of the maximum authorized by law. Docket 20 at 3. Unlike Thompson's other claims, Thompson did not raise this issue on appeal.

Generally, petitioners cannot assert claims under § 2255 that they failed to raise on direct appeal. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *McNeal*, 249 F.3d at 749 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005).

Thus, if a petitioner cannot show actual innocence, he must show both cause for why he failed to raise an issue on direct appeal as well as actual prejudice caused by the alleged errors. *Bousley*, 523 U.S. at 622.

Magistrate Judge Duffy found that Thompson has procedurally defaulted this claim and recommended the claim be denied. Docket 16 at 17. First, as already discussed, Thompson has not claimed actual innocence and has not provided any new proof that suggests he is innocent. Thompson has admitted guilt to possessing at least 19 grams of methamphetamine and has admitted to constructively possessing the 115 grams of methamphetamine. Docket 2 at 11-12; Docket 20 at 7. Second, Thompson has not shown cause for why he failed to raise this issue on direct appeal. Thompson admitted he "technically procedurally defaulted his claim" and does not give a reason for why he did not raise the claim on direct appeal. Docket 20 at 12. Thompson could have raised this issue on appeal, but both he and his counsel failed to do so. "Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." *United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995) (citing *Frady*, 456 U.S. at 165). "To the fullest extent possible, all arguments, even constitutional or jurisdictional ones . . . should be made at trial and on direct appeal." *Ward*, 55 F.3d 412 at 413 (citing *Frady*, 456 U.S. at 165; *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)). Because Thompson failed to raise this issue on direct appeal, the issue is procedurally defaulted. *See Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995); *Melendez-Rocha v. United States*, No. 4:13-CV-04102-LLP, 2014 WL 10968207,

at *10 (D.S.D. Nov. 24, 2014), report and recommendation adopted, 2016 WL 67694 (D.S.D. Jan. 5, 2016).

Third, Thompson has not shown actual prejudice. To prove prejudice, a habeas corpus petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). Thompson's third claim is a variation of his venue argument and Thompson cannot obtain relief for the same reasons discussed before. Thus, Thompson's third claim is procedurally defaulted.

Even if Thompson's claim was not procedurally defaulted, it would still fail on the merits, because § 2255 makes relief available only if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. The Eighth Circuit has held that a petitioner may raise a claim that his sentence exceeded the maximum authorized by law in a § 2255 motion, even if he is procedurally defaulted by not raising the claim in direct appeal. *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993). But Thompson's sentence does not exceed the maximum authorized by law. Thompson was convicted of possession with intent to distribute methamphetamine and the court properly sentenced Thompson to 150 months in prison. Cr. Dockets 155, 167. 150 months is on the lower end of the sentencing guidelines and is nowhere near exceeding the maximum authorized by law. Even if the jury had found Thompson responsible for only the 19 grams of methamphetamine found in

South Dakota, the maximum possible penalty would have been 40 years in custody and Thompson's sentence of 150 months is well below that sentence.

As explained above, venue was proper, and Thompson possessed the 19 grams of actual methamphetamine in South Dakota and constructively possessed the 115 grams of actual methamphetamine in Minnesota with the intent to distribute the methamphetamine in South Dakota. The Eighth Circuit considered Thompson's appeal and affirmed the district court on all aspects. *Thompson*, 881 F.3d at 631-32. Thompson has not shown how his sentence is in excess of the maximum and, thus, Thompson is not entitled to relief.

Thus, Thompson is procedurally defaulted from raising the improper calculation issue, and because he has not shown actual innocence or cause and prejudice, he cannot litigate the issue on a § 2255 motion. Thompson's sentence is not in excess of the maximum authorized by law. Thus, Thompson's third claim is dismissed without an evidentiary hearing.

**IV.     Evidentiary Hearing**

A court must order an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). Affidavits of a petitioner's trial counsel can be included as part of the files and records of the case. *Thomas*, 737 F.3d at 1027. But a petition may be denied without a hearing if "(1) the petitioner's allegations,

15

accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted). "While '[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief,' no hearing is required 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.' " *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)).

      The government contends that Thompson's petition should be dismissed without first holding a hearing. Docket 10 at 1. Thompson disagrees. Docket 20. The court finds that it can dismiss Thompson's petition without an evidentiary hearing because Thompson's arguments fail as a matter of law. Two of Thompson's arguments were raised on direct appeal and cannot be relitigated in a § 2255 proceeding. Thompson has failed to show either a fundamental defect or actual innocence to support relitigating the issues. Thompson's third argument is procedurally defaulted because Thompson failed to raise the issue on appeal. Thompson has failed to show cause and prejudice excusing his default or new evidence indicating he is innocent. Thompson's sentence of 150 months does not exceed the maximum authorized by law. Here, the "files and records . . . conclusively show that [Thompson] is entitled to no relief" for his claims. 28 U.S.C. § 2255(b). There is no issue of fact or
16

credibility to be determined in an evidentiary hearing. Thus, Thompson's request for an evidentiary hearing is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that shows "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Thompson has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

**CONCLUSION**

Thus, it is ORDERED

1. Thompson's objections to the report and recommendation (Docket 20) are overruled.

2. The report and recommendation (Docket 16) is adopted in full as supplemented herein.

3. Respondent's motion to dismiss (Docket 10) is granted.

4. Thompson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed without an evidentiary hearing.

5. A certificate of appealability is denied.

Dated July 23, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE